UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KIM FUNKE AND MARSHALL WALKER,
individually, and on behalf of all other similarly situated,

                              Plaintiffs,

vs.

HUB ENTERPRISES, INC.

                              Defendant.

**COMPLAINT**

Civil Action No. 5:11-CV-1274
(MAD/DEP)
JURY TRIAL DEMANDED

---

Kim Funke and Marshall Walker ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, for their Complaint against HUB Enterprises, Inc., ("Defendant") state as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, employees of Defendant, bring this action seeking monetary damages and affirmative relief for wage violations, including, but not limited to, denial of overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Title 12 of the New York Compilation of Codes, Rules and Regulations ("NYCRR") Section 142-2.2.

## JURISDICTION AND VENUE

2. The original subject matter jurisdiction of this Court is invoked for Plaintiffs' FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

3. This Court has personal jurisdiction over Defendant under N.Y.C.P.L.R. §§ 301 and 302 as a result of the following during the relevant time period:

    a.     Defendant has continuously, regularly, permanently, purposely, and systematically engaged in a course of business, and has otherwise been

      present within New York (availing itself of the legal privileges of doing business within New York) by, *inter alia*, selling and providing investigative, security and surveillance services within New York to New York entities and hiring employees such as Plaintiffs within New York to provide such services on behalf of Defendant in New York.

   b.   The statutory violations alleged herein involving Surveillance Technicians, Fraud Investigators, and employees with other job titles performing substantially similar job duties for Defendant in New York have arisen directly from, and are substantially related to, Defendant's transacting of business and contracting within New York; namely, *inter alia*, contracting with and otherwise doing business with New York entities, and employing Plaintiff Walker, Plaintiff Funke, and other employees similarly situated in New York.

   c.   Defendant has committed the statutory violations alleged herein involving Fraud Investigators, Surveillance Technicians and employees with other job titles performing substantially similar job duties for Defendant in New York, and has caused them to suffer lost wages and other harm, and reasonably should have expected them to suffer such harm within New York; and Defendant has regularly done and solicited business within New York, derived substantial revenue from services served and rendered within New York, and derived substantial revenue from interstate commerce.

4.   The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

5.   Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiff Walker resides in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

6.   Plaintiff Funke is a resident of the County of Niagara, State of New York.

7.   At all relevant times, Plaintiff Funke was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

8.   Upon information and belief, Plaintiff Funke has been employed by Defendant in a fixed salary position as a fraud investigator since April 2010.

9. Plaintiff Walker is a resident of the County of Onondaga, State of New York.

10. At all relevant times, Plaintiff Walker was and still is an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e).

11. Upon information and belief, Plaintiff Walker has been employed by Defendant in a fixed salary position as a surveillance technician since June 2011.

12. Upon information and belief, Defendant was and still is a foreign business corporation organized and existing pursuant to the laws of Louisiana.

13. Upon information and belief, Defendant's principal place of business is P.O. Box 3162, Lafayette, Louisiana 70502.

14. Defendant is a business enterprise engaged in interstate commerce with hundreds of employees similarly situated to Plaintiffs dispersed nationwide.

15. At all relevant times, Defendant was and still is engaged in the business of providing security services, investigations and/or catastrophic/daily adjusting services.

16. At all relevant times, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 USC § 203(d).

## FACTS

17. Plaintiff Funke was employed by Defendant as a fraud investigator, a non-exempt, fixed salary position, during the statutory period.

18. Plaintiff Walker was employed by Defendant as a surveillance technician, a non-exempt, fixed salary position, during the statutory period.

19. Plaintiffs and other similarly situated employees are not exempt from the FLSA because they are salaried employees who do not meet any of the tests for

exemption.

20. Plaintiffs and other similarly situated employees are fixed salary employees because Defendant reduces their salaries and/or forces them to take accrued vacation time for weeks in which they work less than forty (40) hours.

21. Defendant managed Plaintiffs and other similarly situated employees' employment, including the amount of overtime worked, during the statutory period. Defendant controlled and ratified the wage and hour and all related employee compensation policies for Plaintiffs and all other employees located in New York and throughout the United States.

22. Pursuant to Defendant's common policies and practices, Plaintiffs and other similarly situated employees' primary job duties were and still are, *inter alia*, to investigate insurance fraud and claims.

23. Pursuant to Defendant's policies and practices, and as provided in Defendant's Employee Handbook, the regular or normal workweek for Defendant's employees consists of forty (40) hours.

24. Plaintiffs and other similarly situated non-exempt salaried employees are regularly required by Defendant's management to work in excess of forty (40) hours per week.

25. Defendant fails to pay its non-exempt, fixed salary employees for overtime at a wage rate of one and one-half (1.5) times their regular rate, in violation of FLSA §§ 201 *et seq.* and 12 NYCRR § 142-2.2.

26. As provided in Defendant's Employee Handbook, and as reflected in Plaintiffs' payroll statements, time sheets and personal bank records, Defendant pays its

4

non-exempt salaried employees no more than one half (.5) times their base rate for all hours in excess of forty (40) hours worked in a week.

27. Defendant has known at all relevant times that Plaintiffs and other non-exempt salaried employees regularly work in excess of forty (40) hours per week and are not paid the statutorily required rate of one and one half (1.5) times their regular rate for overtime work. Indeed, as plainly and unambiguously stated in Defendant's Employee Handbook, it is Defendant's stated policy for Plaintiffs and other similarly situated non-exempt salaried employees to work in excess of forty (40) hours per week and receive one half (.5) times their regular rate for overtime work, instead of one and one half (1.5) times their regular rate for overtime work. Thus, Defendant has intentionally failed to pay Plaintiffs and other similarly situated employees the overtime wages prescribed by the FLSA.

28. As a result of these unlawful practices, Defendant has unjustly benefited from reduced labor and payroll costs.

## COLLECTIVE ACTION CLAIM

29. Defendant has over three-hundred and sixty (360) employees nationwide, in addition to former employees who worked for Defendant from three years prior to the filing of this Complaint and may be potential class members in this action.

30. According to Defendant's employee directory, more than two-hundred and fifty (250) of its employees share the same job title as Plaintiffs. Thus, Defendant has hundreds of non-exempt, fixed salary employees similarly situated to Plaintiffs.

31. Plaintiffs are representatives of those similarly situated employees and are acting on behalf of Defendant's current and former employees' interests as well as their

own interests in bringing this action.

32. Plaintiffs seek to proceed with a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b), on behalf of all persons who worked for Defendant as surveillance technicians, private investigators, claim/fraud investigators, security personnel, and/or other non-exempt salaried positions, performing substantially similar job duties as Plaintiffs at any time three years prior to the filing of this Complaint.

33. Defendant did not pay Plaintiffs and other similarly situated non-exempt, fixed salary employees the proper overtime compensation for all hours worked beyond forty (40) per week.

34. Defendant's unlawful conduct has been widespread, repeated and consistent.

35. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and hundreds of other non-exempt, fixed salary employees. As such, these employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). The numerous similarly situated, current and former employees ("class members") of Defendant who have been deprived overtime pay in violation of the FLSA would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's employee directory and personnel records.

## NEW YORK CLASS ALLEGATIONS

36. The named Plaintiffs seek to maintain the Second Cause of Action as a class action, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

Procedure, on behalf of themselves individually and as class representatives on behalf of all others who, from six years prior to the filing of this Complaint, worked for Defendant in New York State and were denied the statutorily prescribed overtime wages or the full and proper payment of their wages and benefits in violation of and within the meaning of 12 NYCRR § 142-2.2.

37.   Fed. R. Civ. P. 23(b)(3) provides that a cause of action may be maintained as a class action if:

    a. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b. There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

    c. The claims and defenses of the representative parties are typical of the claims or defenses of the class;

    d. The representative parties will fairly and adequately protect the interests of the class; and,

    e. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

### Class Definitions

38.   Plaintiffs seek certification of all individuals who have been employed by Defendant as salaried employees within New York State at any time from six years prior to the filing of this Complaint ("the New York Class").

### Numerosity

39.   The New York Class is so numerous that joinder of all members is

impracticable because, upon information and belief, Defendant has numerous employees within New York State, in addition to former employees who worked for Defendant in New York State from six years prior to the filing of this Complaint and may be potential class members in this action. The New York Class can be identified and located using Defendant's employee directory, and payroll and personnel records.

### Common Questions of Fact and Law

40. There are questions of fact and law common to the New York Class that predominate over any questions affecting only individual members, including, but not limited to:

   a. Whether Plaintiffs and members of the New York Class were paid the full and proper wages;

   b. Whether Plaintiffs and members of the New York Class have been expected to or required to work in excess of forty (40) hours per week;

   c. Whether Plaintiffs and members of the New York Class regularly worked in excess of forty (40) hours per week;

   d. Whether Defendant employed Plaintiffs and members of the New York Class within the meaning of New York Labor Laws;

   e. Whether Plaintiffs and members of the New York Class are non-exempt, fixed salary employees as defined by New York Labor Laws;

   f. Whether Defendant is an employer as defined by New York Labor Laws;

   g. Whether Defendant's failure to pay overtime wages has been willful;

   h. Whether Plaintiffs and other class members have suffered damages

and what the proper measure of those damages is; and

    i. Whether Defendant should be enjoined from such violations in the future.

### Typicality

41. Plaintiffs and members of the New York Class were and continue to be subject to Defendant's policies, practices, procedures, and protocols alleged herein concerning the failure to pay the statutorily required overtime wages. Defendant's actions were and continue to be in violation of New York's overtime wage requirements. The named Plaintiffs suffered similar injuries to those suffered by members of the New York Class they seek to represent as a result of Defendant's failure to pay statutorily required overtime wages. Thus, the claims of the named Plaintiffs are typical of the claims of members of the New York Class, in that their interests are co-extensive.

### Adequacy

42. The named Plaintiffs will fairly and adequately protect the interests of said class. There is a lack of adverse interests between the named Plaintiffs and other members of the New York Class. The named Plaintiffs are represented by attorneys who are competent in litigation and committed to prosecuting this action.

### Superiority

43. A class action is superior to other available methods for the fair and efficient adjudication of the class claims because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were

and what the proper measure of those damages is; and

    i. Whether Defendant should be enjoined from such violations in the future.

### Typicality

41. Plaintiffs and members of the New York Class were and continue to be subject to Defendant's policies, practices, procedures, and protocols alleged herein concerning the failure to pay the statutorily required overtime wages. Defendant's actions were and continue to be in violation of New York's overtime wage requirements. The named Plaintiffs suffered similar injuries to those suffered by members of the New York Class they seek to represent as a result of Defendant's failure to pay statutorily required overtime wages. Thus, the claims of the named Plaintiffs are typical of the claims of members of the New York Class, in that their interests are co-extensive.

### Adequacy

42. The named Plaintiffs will fairly and adequately protect the interests of said class. There is a lack of adverse interests between the named Plaintiffs and other members of the New York Class. The named Plaintiffs are represented by attorneys who are competent in litigation and committed to prosecuting this action.

### Superiority

43. A class action is superior to other available methods for the fair and efficient adjudication of the class claims because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were

brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for Plaintiffs and other class members to bring individual claims against Defendant in federal court. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

44. Plaintiffs intend to send notice to all members of the New York Class to the extent required by Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT §§ 201, *et seq.*:
## OVERTIME PAY

45. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "44" of the Complaint, with the same force and effect as if fully alleged herein.

46. At all times relevant to this action, Plaintiffs and other class members were Defendant's "employees" within the meaning of 29 U.S.C. § 203(e).

47. At all times relevant to this action, Defendant was the "employer" of Plaintiffs and other class members within the meaning of 29 U.S.C. § 203(d).

48. At all relevant times, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203.

49. Upon information and belief, Defendant produces an annual business volume of at least $500,000.00.

50. The FLSA provides that a non-exempt, fixed salary employee must be

paid overtime equal to one and one half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

51. Defendant reduces Plaintiffs' and other class members' salaries and/or forces them to take accrued vacation time for weeks in which they work less than forty (40) hours; and Plaintiffs and other class members do not meet any of the tests for exemption under the FLSA. Thus, Plaintiffs and other class members are fixed salary, non-exempt employees entitled to one and one half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per week.

52. By the above-alleged conduct, Defendant failed to pay Plaintiffs and other class members the statutorily prescribed overtime rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) hours per week.

53. As a consequence of the willful underpayment of wages alleged above, Plaintiffs and other class members have incurred damages and Defendant is indebted to them in the amount of unpaid overtime wages, and/or other wages owed by Defendant to Plaintiffs and other class members, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided by 29 U.S.C. § 216(b), in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### VIOLATION OF 12 NYCRR § 142-2.2:
### OVERTIME PAY

54. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "53" of the Complaint, with the same force and effect as if fully alleged herein.

55. New York Labor Laws provide that an employee must be paid overtime,

11

equal to one and one half (1.5) times the employee's regular rate of pay for all hours worked in excess of forty (40) per week and in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

56. Defendant reduces the salaries of Plaintiffs and members of the New York Class and/or forces them to take accrued vacation time for weeks in which they work less than forty (40) hours; and Plaintiffs and members of the New York Class do not meet any of the tests for exemption under the FLSA. Thus, they are fixed salary, non-exempt employees entitled to one and one half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) per week.

57. By the above-alleged conduct, Defendant failed to pay Plaintiffs and other members of the New York Class the statutorily prescribed overtime rate of one and one half (1.5) times their regular rate for hours worked in excess of forty (40) hours per week.

58. As a consequence of the willful underpayment of wages alleged above, Plaintiffs and members of the New York Class have incurred damages and Defendant is indebted to them in the amount of unpaid overtime wages, and/or other wages owed by Defendant to Plaintiffs and members of the New York Class, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided by the New York Labor Laws, in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the FLSA Collective Class pray for relief as follows:

a. An Order as follows: (i) permitting this action to proceed as a collective action pursuant to Section 216(b) of the FLSA; (ii) granting conditional certification

of the proposed class; (iii) compelling Defendant to furnish the names and last known physical addresses of all salaried employees; and (iv) authorizing Plaintiffs to post and circulate a Notice of Pendency and Consent to Join form to all individuals who are similarly situated in this collective action.

b. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

c. Leave to amend to add claims under applicable state and federal laws;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

e. Appropriate and equitable injunctive relief to remedy Defendant's violations of the FLSA, including but not limited to, an order enjoining Defendant from continuing its unlawful practices;

f. Judgment against Defendant for an amount equal to Plaintiffs and the other class members' unpaid back wages at the applicable rate;

g. All costs and attorney's fees incurred in prosecuting these claims;

h. Liquidated damages;

i. Interest on all overtime compensation due accruing from the date such amounts were due;

j. For further relief as this Court deems just and equitable.

**WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the New York Class, pray for relief as follows:

a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) on behalf of the New York Class;

b. Designation of the named Plaintiffs as Representatives of the New York Class;

c. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

d. Leave to amend to add claims under applicable state and federal laws;

e. A declaratory judgment that the practices complained of herein are unlawful under New York Labor Laws;

f. Appropriate and equitable injunctive relief to remedy Defendant's violations of New York Labor Laws, including but not limited to, an order enjoining Defendant from continuing its unlawful practices;

g. Judgment against Defendant for an amount equal to Plaintiffs and the other class members' unpaid back wages at the applicable rate;

h. All costs and attorney's fees incurred in prosecuting these claims;

i. Liquidated damages;

j. Interest on all overtime compensation due accruing from the date such amounts were due;

k. For further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of all other class members, demand a trial by jury.

```
```
Dated: October 23, 2011

YOURS, ETC.,
SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Steven Ward Williams
Attorneys for Plaintiffs
Office and P.O. Address
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252
Tel.: (315) 474-2911

TO: HUB Enterprises, Inc.
P.O. Box 3162
Lafayette, LA 70502