IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KIM FUNKE, and MARSHALL
WALKER,  Individually And On Behalf of
All Other Similarly Situated,

                       Plaintiffs,           Civ. Action No.
                                            5:11-CV-1274 (MAD/DEP)

     v.

HUB ENTERPRISES, INC.,

                       Defendant.

_____

APPEARANCES:                  OF COUNSEL:

FOR PLAINTIFFS:

SMITH, SOVIK LAW FIRM        STEVEN W. WILLIAMS, ESQ.
250 South Clinton Street
Suite 600
Syracuse, NY 13202-1252

FOR DEFENDANTS:

JACKSON, LEWIS LAW FIRM     FELICE B. EKELMAN, ESQ.
666 Third Avenue                 JASON A. ZOLDESSY, ESQ.
New York, NY 10017

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in connection with this action

brought, *inter alia*, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, is a motion by the defendant Hubb Enterprises, Inc., ("Hubb") for a protective order.  Dkt. Nos. 24-26.  In their motion defendants request that the court take certain action to address communications that have allegedly occurred between plaintiffs' counsel and present and former Hubb employees deemed by the defendants to constitute improper solicitations, in violation of New York Rule of Professional Conduct 7.3(a).  Plaintiffs have opposed the motion, denying that improper solicitations have occurred and arguing that the limitations requested are inappropriate.  Dkt. No. 30.

Oral argument was held in connection with defendant's motion on February 29, 2012.  At the close of argument I issued an oral ruling with respect to the pending motion, detailing my reasoning for my determination.  Based upon the foregoing and the court's bench decision, which is incorporated herein by reference, it is hereby

ORDERED as follows:

1)     Defendant's request for a directive that plaintiffs' counsel comply with the New York Rules of Professional Conduct is denied, as unnecessary.  All attorneys who practice before the bar of this court are

subject to the New York Rules of Professional Conduct.  *See*

N.D.N.Y.L.R. 83.4(j).  Those rules expressly prohibit the solicitation "by in-

person or telephone contact. . . . unless the recipient is a close friend,

relative, former client or existing client; . . .".  New York Rules of

Professional Conduct Rule 7.3(a)(1).

     2)    Plaintiffs are hereby directed to provide to defendant, within

seven days of the date of this decision, a complete list of all present and

former Hubb employees contacted by plaintiffs' counsel, where the

contact was initiated by plaintiff's counsel, during the period of January 25,

2012 until the date on which the collective action notices approved by the

court were mailed to potential opt-in plaintiffs.

     3)    Defendant's request for production of a script utilized by

counsel in discussing this action with present and former Hubb employees

is DENIED, based upon plaintiffs' representation that no such script

exists.

     4)    Defendant's request for an order directing plaintiffs' counsel to

provide notes of any communications with present or former Hubb

employees is DENIED on the basis of the attorney work product doctrine.

This ruling is without prejudice to defendant's right, upon a proper

showing, to request that the court order production of those notes notwithstanding the protections afforded, *inter alia*, under Rule 26(b)(3) of the Federal Rules of Civil Procedure.

5)    Defendant's request for a blanket limitation on plaintiffs' right to communicate with present and past former Hubb employees not listed as potential opt-in plaintiffs is DENIED.

6)    Except to the extent indicated above, defendant's motion for a protective order, Dkt. No. 24, is DENIED.

6)    No costs or attorney's fees are awarded to any party in connection with defendant's motion for a protective order.

Dated:    March 1, 2012
          Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

4