IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

KIM FUNKE, and MARSHALL
WALKER,  Individually And On Behalf of
All Others Similarly Situated,

                Plaintiffs,        Civ. Action No.
                                             5:11-CV-1274 (MAD/DEP)

    v.

HUB ENTERPRISES, INC.,

                Defendant.

_____

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFFS:

SMITH, SOVIK LAW FIRM           STEVEN W. WILLIAMS, ESQ.
250 South Clinton Street              BRADY O'MALEY, ESQ.
Suite 600
Syracuse, NY 13202-1252

FOR DEFENDANTS:

JACKSON, LEWIS LAW FIRM       FELICE B. EKELMAN, ESQ.
666 Third Avenue                     JASON A. ZOLDESSY, ESQ.
New York, NY 10017

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in connection with this action are

cross-motions to compel discovery. Defendant's motion raises three issues, related to 1) a request for production of signed affidavits of thirty-six opt-in plaintiffs prepared by plaintiffs' counsel; 2) a request for disclosure of all communications between counsel and non-party employees of HUB Enterprises, Inc.; and 3) an application to conduct twenty-five depositions in the case. Dkt. No. 84. Plaintiffs' motion seeks all discovery materials exchanged in between the parties a separate but allegedly similar action brought against the defendant. Dkt. No. 85.

Oral argument was held in connection with the cross-motions during an on-the-record telephone conference conducted on August 22, 2012. During the course of that telephone conference I issued various rulings addressing the parties' motions. Based upon the court's bench decision, which is incorporate herein by reference, it is hereby

ORDERED as follows:

1) Plaintiffs' counsel shall provide the approximately seventy individualized responses to defendant's interrogatories and documents requests that plaintiffs have prepared to date by August 22, 2012. To the extent plaintiffs' counsel has not obtained signed verifications from the producing plaintiffs those verifications will be produced not later than

September 24, 2012.

2) Plaintiffs' counsel shall provide all outstanding individualized responses and accompanying verifications to defendant's interrogatories and document requests by September 24, 2012.

3) Within seven dates of the date of this order, plaintiffs' counsel is directed to produce to the court, for *in camera* inspection, the thirty-six signed affidavits obtained from plaintiffs in this action, and the subject of defendant's motion to compel.

4) Defendant's motion to compel production of communications with non–party investigators is DENIED.

5) Defendant shall be permitted to conduct a total of fifteen depositions in this action, each not to exceed three and one-half hours in duration, absent mutual agreement to extend the number of depositions and/or the duration of any such deposition.  The parties are encouraged to confer with an eye toward minimizing the litigation expense associated with the taking of those depositions.  This ruling is without prejudice to defendant's right to apply to the court for a further expansion of the deposition limit, upon a showing of good cause.

6) Plaintiffs' motion for an order compelling defendant to produce

all discovery exchanged in *Richard J. Curasi v. HUB Enterprises, Inc.*, 11-CV-2020 (E.D.N.Y., filed 2011) is DENIED as overbroad.

7) Defendant is hereby directed, within fourteen days of the date of this order, to produce to plaintiffs' counsel a list of all discovery materials exchanged in connection with the *Curasi* litigation.

8) No costs or attorney's fees are awarded to any party in connection with plaintiff's motion to compel.

*/s/ David E. Peebles*
David E. Peebles
U.S. Magistrate Judge

Dated:   August 24, 2012
         Syracuse, NY